**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN BRODEUR,<br><br>Plaintiff<br><br>v.<br><br>LAW OFFICES OF PRINCIPE & STRASNICK, P.C.,<br><br>Defendant | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

JOHN BRODEUR ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LAW OFFICES OF PRINCIPE & STRASNICK, P.C. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Attleboro, Massachusetts 02703.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a law firm that regularly engages in the collection of debts having its principal office located at 17 Lark Avenue, Saugus, Massachusetts 01906.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt, a personal credit card issued by Providian National Bank, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in December 2013, Defendant engaged in debt collection activities seeking payment from Plaintiff for the alleged debt.

13. Defendant's collectors made harassing telephone calls to Plaintiff's work telephone number seeking to collect this alleged debt.

14. On at least one occasion, Plaintiff answered Defendant's calls and told Defendant not to contact him at his place of employment.

15. In response, Defendant told Plaintiff that he would receive something in the mail, but would not tell Plaintiff what it was.

16. This was upsetting to Plaintiff, as Defendant had identified itself as a law firm, and Plaintiff believed that Defendant would be serving him with legal process.

17. Then, Defendant's collector threatened Plaintiff that it would take him to Court and would seek to garnish his wages.

18. Laughing, Defendant's collector told Plaintiff that his firm makes

more money from people if they take the person to Court.

19. Scared, Plaintiff tried to explain to Defendant's collector that he is struggling financially and that he has a wife and children that he must provide for.

20. Defendant's collector told Plaintiff that the "Court does not care" and that it is not his [the collector's] fault that Plaintiff brought kids into the world.

21. Defendant's collector stated that Plaintiff should not have pro-created.

22. Defendant's collector's statements were demeaning, harassing, unfair and unconscionable, and done to shame and embarrass Plaintiff.

23. As if what he said was not enough, Defendant's collector continued his verbal assault on Plaintiff, threatening to send a "uniformed sheriff" to his place of employment.

24. Plaintiff did not understand whether that was because Defendant was stating that his failure to pay the alleged debt was a criminal offense or that it again was threatening to serve him with legal process.

25. Upon information and belief, at the time Defendant threatened to take legal action against Plaintiff and/or garnish his wages, it did not intend to do so, but rather made such threats with the intent to coerce Plaintiff into making payment.

26. Further, in its attempts to collect the alleged debt, Defendant spoke

with Plaintiff's co-worker.

27. During its conversation with Plaintiff's co-worker, Defendant's collector disclosed that it was a debt collector looking for Plaintiff.

28. At the time Defendant disclosed debt information to Plaintiff's co-worker, it had not obtained Plaintiff's express consent to disclose debt information to any third party, including his co-worker.

29. Lastly, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth his rights to dispute the debt and/or seek verification of the debt pursuant to the FDCPA, as well as to request information about the alleged creditor.

30. To date, Plaintiff has not received any written correspondence from Defendant.

31. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

32. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(b).

a. A debt collector violates § 1692c(b) of the FDCPA by communicating, in connection with the collection of a debt,

with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consumer of the consumer given directly to the debt collector.

b. Defendant violated § 1692c(b) of the FDCPA when it communicated, in connection with the collection of a debt, with a third party, Plaintiff's co-worker, without having Plaintiff's express permission to do so.

**COUNT II**

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. Here, Defendant violated § 1692d of the FDCPA by using abusive and harassing language toward Plaintiff, including telling Plaintiff that he should not have procreated, and calling Plaintiff at his place of employment.

**COUNT II**

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5) and 1692e(7).

a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages.

c. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. A debt collector violates § 1692e(7) of the FDCPA by falsely representing or implicating that the consumer committed any crime or other conduct in order to disgrace the customer.

e. Here, Defendant violated §§ 1692e, 1692e(4), 1692e(5) and 1692e(7) of the FDCPA by threatening to garnish Plaintiff's wages and threatening to file a lawsuit against Plaintiff, when it had no intention or legal authority to take the actions

threatened, as well as threatening to send a sheriff to his place of employment, knowing it did not intend to do and/or falsely implying that nonpayment of a debt was a criminal offense.

## COUNT III

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including claiming to send something in the mail but not telling him what it allegedly was sending, claiming that the Court would not care about Plaintiff's financial hardships and telling him that it was his fault that he brought kids into the world.

## COUNT IV

36. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

a. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial

communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing

him with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JOHN BRODEUR, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN BRODEUR, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: September 2, 2014

KIMMEL & SILVERMAN, P.C.

By: __/s/ Craig Thor Kimmel______

CRAIG THOR KIMMEL
BBO# 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com